UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MICHELE M. SIMPSON,**

      **Plaintiff,**

v.                                          Case No: 8:24-cv-332-MSS-UAM

**ALLSTATE FIRE AND
CASUALTY INSURANCE
COMPANY,**

      **Defendant.**

_____

**ORDER**

    **THIS CAUSE** is before the Court for consideration of Plaintiff's Motion to Remand. (Dkt. 8) Therein, Plaintiff seeks to remand this matter to state court by arguing Defendant failed to establish the threshold $75,000 jurisdictional amount necessary to invoke this Court's diversity jurisdiction. For the reasons that follow, the Court **DENIES** Plaintiff's Motion to Remand.

    Federal courts are courts of limited subject matter jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (citations omitted). A civil case filed in state court may be removed by the defendant to federal court if the case could have been brought originally in federal court. 28 U.S.C. § 1441(a). A removing defendant bears the burden of proving the existence of federal jurisdiction. See Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). "[R]emoval statutes are to be construed narrowly; where plaintiff and defendant clash about

jurisdiction, uncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). In determining the jurisdictional amount, the court first starts with the complaint. Id. If from the complaint the jurisdictional amount is not facially apparent, the court then looks to the notice of removal and considers evidence relevant to the jurisdictional amount at the time the case was removed. Id. In considering the removal notice and evidence, the court is permitted to make reasonable deductions and inferences. See Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1061–62 (11th Cir. 2010). The court "may use [its] judicial experience and common sense" to determine whether the jurisdictional amount is present. Id.

Here, the allegations contained within the State Court Complaint establish that Plaintiff seeks to recover damages in excess of $50,000 for *inter alia* "[g]reat physical pain and suffering," "[d]isability[,] inability and loss of capacity to lead and enjoy a normal life," and "[p]ermanent injury within a reasonable degree of medical probability." (Dkt. 1-2 at ¶ ¶ 1 & 11) Additionally, the Civil Cover sheet filed in the State Court action states that Plaintiff seeks "over $100,000" in damages. (Dkt. 1-5 at 1) Finally, Plaintiff's pre-suit demand requested $300,000 and it set forth a factual basis (attached records and bills). Thus, Plaintiff's demand constitutes more than mere puffery and supports the demand for $300,000 in damages. (Dkt. 1-11) While conclusory or general allegations in a notice of removal are generally insufficient to establish the jurisdictional amount for federal court, this Court finds the level of detail in Defendant's Notice for Removal and exhibits attached thereto is sufficient to establish that the amount in controversy exceeds $75,000. See Williams, 269 F.3d at

1319. Moreover, the Parties have not disputed that complete diversity exists between the parties. The Court therefore finds remand is unwarranted.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand, (Dkt. 8), is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida, this 15th day of March 2024.

_____
TOM BARBER
UNITED STATES DISTRICT
JUDGE

Copies furnished to:
Counsel of Record
Any pro se party